IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LOUIS COLE,                    )
                               )
Petitioner,                    )
                               )
        vs.                    )    CAUSE NO. 2:17-CV-167-RL-JEM
                               )
SUPERINTENDENT,                )
                               )
Respondent.                    )

**OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Louis Cole, a prisoner without a lawyer. For the reasons set forth below, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case. The court **DENIES** Cole leave to proceed in forma pauperis on appeal.

Discussion

Louis Cole filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 17-02-23) where a Disciplinary Hearing Officer (DHO) found him guilty of use of a cell phone in violation of Indiana Department of Correction (IDOC) Policy A-121. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time. *Id.* Cole identifies three grounds which he claims entitles him to habeas corpus relief.

In Ground One, Cole argues that the DHO did not have sufficient evidence to find him guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The "some evidence" test is satisfied even if "no direct evidence" exists. *Hill,* 472 U.S. at 457. Indirect evidence linking the offender to the offense can satisfy the evidentiary requirement. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (hearing officer permitted to rely on circumstantial

2

evidence to find offender guilty); *Brenneman v. Knight*, 297 F. App'x 534, 536 (7th Cir. 2008) (relying on indirect evidence in finding prisoner guilty).

Cole was found guilty of violating A-121. This offense is defined as the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." IDOC Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report states:

> On 02/05/2017 two Smart Phones were found hidden in the ISO Barbershop. Upon investigating the contents of the Grey LG Cellular Device it was found that two offender's (sic) used the phone. Demonte Millard 146169 was found to be the owner of the phone supported by the pictures and phone calls in the phones records. Upon opening the phone to the Face Book app and Messenger app it was logged onto the screen name Abdul-Aziz-Bilal with a photo of an inmate. The phone was then matched with Offender Cole, Louis #219222 as the Offender who was logged into the LG phone on Face Book messenger.

ECF 1 at 4. During his hearing, Cole denied that he used the phone. He stated, "I didn't use the phone. My daughter had made the Facebook page and I had let someone else use this information." ECF 1 at 6.

The DHO had sufficient evidence to find Cole guilty. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer relayed his account of having investigated the information discovered on the phone and connecting that

3

information with Cole. It was the sole province of the DHO to weigh the respective credibility of the two conflicting accounts. While Cole claims that he did not use the phone, it was not unreasonable or arbitrary for the DHO to discredit his claim, given that the phone was logged into a Facebook account that identified Cole as the user. This is "some evidence" that Cole had used the phone, and is sufficient to support the DHO's finding. Thus, Ground One does not identify a basis for habeas corpus relief.

In Ground Two, Cole argues that he did not receive proper notice of the seizure of his property. He argues that he was not notified of the date of the seizure, the name of the person whose property was seized, identification of the property seized, or the reason for the seizure. Cole had no due process right to the detailed notification he identifies. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To the extent that Cole alleges IDOC policy required these notifications, IDOC policy is not relevant. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The IDOC's failure to follow its own policy does not rise to the level of a constitutional

4

violation. *See id.* at 68 ("state-law violations provide no basis for federal habeas relief").

In Ground Three, Cole argues that he did not receive the Conduct Report within 24-hours of the incident. Inmates are entitled to receive 24-hours' advance notice of the factual charges against them prior to their disciplinary hearing. *See id.* However, prisoners have no right to receive notice of the charges within 24-hours' of the incident. Here, Cole received notice of the charges against him on February 17, 2017. His disciplinary hearing was held five days later, on February 22, 2017. Thus, his due process right to advance notice was satisfied and Ground Three does not identify a basis for granting habeas corpus relief.

If Cole wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

## Conclusion

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case. The court **DENIES** Cole leave to proceed in forma pauperis on appeal.

**DATED: September 25, 2017**     /s/Rudy Lozano, Judge
                                  **United States District Court**

5